O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCINE MCDERMOTT, Plaintiff, v. PALO VERDE SCHOOL DISTRICT, Defendant. | Case No. EDCV 12-01112-VAP(OPx)<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE** |

## I. BACKGROUND

Plaintiff Francine McDermott ("Plaintiff") filed a Complaint on July 5, 2012 (Doc. No. 1), alleging violations of her civil rights under the Rehabilitation Act, the Americans With Disabilities Act, and California's Fair Employment and Housing Act. (Compl. ¶ 1.) On October 29, 2012, Defendant Palo Verde School District ("Defendant") filed an Answer (Doc. No. 7). On August 26, 2013, Plaintiff filed a First Amended

Complaint ("FAC") (Doc. No. 28), asserting the same violations alleged in the Complaint. Defendant answered the FAC on September 12, 2013 (Doc. No. 34).

On February 4, 2013, the Court held a Scheduling Conference and issued a Scheduling Order (Doc. No. 12) after consulting with counsel, setting the case for jury trial on August 6, 2013, with a pretrial conference on July 15, 2013. Pursuant to the Scheduling Order and Local Rule 16, the parties were required to submit pretrial filings, not later than twenty-one days before the pretrial conference, including memoranda of contentions of fact and law, witness lists, a joint exhibit list, and any motions in limine. The parties were also required to submit a proposed final pretrial conference order, proposed jury instructions, and a joint statement of the case, not later than seven days before the pretrial conference.

On June 24, 2013, twenty-one days before the pretrial conference date, Defendant timely filed a memorandum of contentions of fact and law and a witness list (Doc. Nos. 20, 21), but a joint exhibit list was not filed. Plaintiff did not file any of the required pretrial documents.

On June 26, 2013, Defendant filed an ex parte application for continuance of trial and related dates. On June 28, 2013, the Court continued the discovery cut-off date to July 29, 2013, the pretrial conference date to August 26, 2013, and the trial date to September 10, 2013 (Doc. No. 23).

On August 13, 2013, after Plaintiff filed an ex parte application for continuance of the trial date to November 12, 2013, and Defendant stipulated to the requests, the Court again continued the deadlines, this time, to September 3, 2013 for discovery cut-off, to October 1, 2013 for the pretrial conference, and to October 8, 2013 for the trial. Nevertheless, the Court noted that "Plaintiff ha[d] not demonstrated good cause for a continuance of the trial date . . ." (Doc. No. 26). The Court then cautioned the parties that it would "not entertain any further requests for continuances."

Based on the pretrial conference date of October 1, 2013, the parties were required to submit pretrial filings by September 10, 2013. Defendant submitted its memorandum of contentions of fact and law, witness list, and exhibit list on September 10, 2013. (See Doc. Nos. 29-31). Plaintiff, however, failed to file any of the required pretrial documents. Two days after the deadline for the pretrial filings, on September 12, 2013, the

parties filed a joint stipulation to continue the trial date to November 12, 2013 (Doc. No. 33). On September 23, 2013, Defendant filed three motions in limine (Doc. Nos. 41-43), thirteen days after they were due on September 10, 2013.

On September 25, 2013, the Court denied Defendant's three motions in limine as untimely and denied the parties' request to continue the trial date, but continued the pretrial conference date to October 7, 2013, as counsel for both parties had represented they would be in trial on September 30, 2013 (Doc. No. 48).

Also on September 25, 2013, noting that Plaintiff had not submitted any of the required pretrial filings due on September 10, 2013, the Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute (Doc. No. 47). In this Order, the Court permitted Plaintiff to submit the required pretrial filings not later than September 30, 2013 but warned that the Court would dismiss the action if Plaintiff failed to comply with the Order.

In a filing dated September 25, 2013, the parties renewed their request for continuance of the trial date to November 12, 2013, asserting that discovery was not complete and Defendant's counsel will be in another trial

on October 8, 2013 (Doc. No. 46).

On September 30, 2013, in response to the Court's Order to Show Cause, Plaintiff filed a witness list and an exhibit list (Doc. Nos. 55, 56), but failed to file a memorandum of contentions of fact and law. Nor did Plaintiff file a proposed final pretrial conference order, proposed jury instructions, or a statement of the case.

In a declaration filed on September 30, 2013, Defendant's counsel states that Plaintiff's counsel has not provided Defendant with a draft of the final pretrial conference order despite multiple requests, preventing Defendant from timely submitting the order. (Declaration of Aaron C. Hanes (Doc. No. 52) ("Hanes Decl.") ¶¶ 4-5.) Defendant's counsel also declares that he provided proposed jury instructions to Plaintiff's counsel, but he had not received Plaintiff's proposed jury instructions. (Id. ¶ 9.) Given the prejudice Defendant has suffered, Defendant's counsel requests the Court dismiss the action without prejudice or, in the alternative, to continue the trial to permit Defendant to prepare competently the remaining required pretrial filings. (Id. at ¶¶ 10-11.)

In response to Defendant's counsel's declaration, Plaintiff's counsel filed a declaration on September 30,

2013, asserting that she "did not prepare pretrial docs because [she] believed that the pretrial conference and trial would be continued to November 2013" as both parties had requested between July and September. (Declaration of Patricia J. Barry (Doc. No. 58) ("Barry Decl.") ¶¶ 3-5.) Plaintiff's counsel does not dispute Defendant's counsel's assertions that she never provided pretrial filings that require joint submission, despite having been provided with Defendant's documents. Instead, Plaintiff's counsel declares that Plaintiff was prejudiced by Defendant's belated production of 819 pages of documents on September 5, 2013 and 569 pages of new documents on September 30, 2013. (Id. ¶¶ 3-5.) She further cites the demands of her work in a different case as contributing to the delay in submitting pretrial filings. (Id. ¶¶ 12-13.)

On October 1, 2013, Plaintiff filed another ex parte application to continue the trial and pretrial conference dates to "the second and fourth week in November 2013." (Pl.'s October 1, 2013 Ex Parte Application (Doc. No. 61) ("Pl.'s 10/1/13 Mot.") at 1.) In an attached declaration, Plaintiff's counsel reiterates that the 569 pages of new documents she received from Defendant on September 30, 2013 prevents her from compiling a complete exhibit list and from preparing for the trial. (Id. at 6.) Counsel, however, declares that she erred by

claiming in her September 30, 2013 declaration that she received 819 pages of new documents on September 5, 2013, as those documents had previously been produced to Plaintiff in July 2013. (Id. at 4.)

On October 2, 2013, Plaintiff's counsel filed another declaration, indicating that she seeks continuance of the trial and pretrial conference dates also because she has hearings in California state courts on October 7, 2013 and October 11, 2013 (Doc. No. 62).

As of the date of this Order, Plaintiff has failed to file the required pretrial filings, except for the witness list and exhibit list, but requests continuance of the trial and pretrial conference dates to November 2013, despite the Court's admonition that no further continuances will be considered. The Court thus finds it appropriate to dismiss this case for failure to prosecute.

## II. LEGAL STANDARD

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Oliva v. Sullivan, 958 F.2d 272, 273-74 (9th Cir. 1992) (citations omitted).

Federal Rule of Civil Procedure 41(b) states that a Court may dismiss a case for a plaintiff's failure to prosecute.[1] Dismissal for failure to prosecute requires the Court to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Factors one and two generally favor dismissal, while factor four typically weighs against it. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). The Wanderer court wrote that the "key" factors are prejudice and the availability of lesser sanctions. Id.

Moreover, Federal Rule of Civil Procedure 16(f) permits a court to make such orders as are just when a party is substantially unprepared to participate in a pretrial conference. A sanction authorized by Rule 16(f), by referring to Rule 37, is dismissal of the case. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.

---

[1] While Rule 41(b) states that a court may do this upon a motion by defendant, the Supreme Court has stated that the Court also may dismiss an action for failure to prosecute without such a motion. Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

1987); Callip v. Harris Cnty. Child Welfare Dept., 757 F.2d 1513, 1518 (5th Cir. 1985).

The standards for dismissal of a case for failure to follow a court order are essentially the same under both Federal Rules of Civil Procedure 16(f) and 41(b). Malone, 833 F.2d at 130.

## III. DISCUSSION

### A. The Public's Interest in the Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

When a court order is violated, the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket clearly weigh in favor of dismissal. Wanderer, 910 F.2d at 656. Nevertheless, a brief discussion of these factors is required here.

Practice in federal court is governed by numerous rules concerning how to proceed throughout a case. Each rule serves a function for the efficient use of the justice system and its resources; these rules are developed to ensure that our adversarial justice system is fair. See United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981) ("Disregard of [pretrial orders] would bring back the days of trial by

ambush and discourage timely preparation by the parties for trial.")

One of the most important periods in the life of a case is the time just prior to trial. See id. It is during this time that the case is shaped: The parties (1) designate the witnesses and exhibits they will rely on, (2) craft jury instructions, voir dire, and the pretrial conference order for the Court's approval, and (3) bring motions in limine to exclude evidence. To ensure these tasks are completed in an efficient and effective manner, the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order set forth explicit deadlines for the completion of each task. Plaintiff has the ultimate responsibility to ensure that these pretrial documents are filed and that the case is ready for trial on the date set by the Court.

Here, Plaintiff's counsel failed to file and serve all the required pretrial disclosures timely. Plaintiff's counsel filed none of the pretrial documents by the initial deadline of June 24, 2013. She again failed to complete the filing requirement by the September 10, 2013 deadline. Although Defendant's counsel repeatedly asked Plaintiff's counsel to provide drafts of the final pretrial conference order and jury instructions,

Plaintiff's counsel failed to do so. (Hanes Decl. ¶¶ 4-9.) Even after the Court issued the Order to Show Cause and provided her with yet another opportunity by extending the deadline to September 30, 2013, Plaintiff's counsel did not comply with the Court's Order fully. The exhibit list Plaintiff submitted on that date is a threadbare catalog of documents (the majority identified only as an exhibit to a deposition) that does not comply with Local Rule 16-6.1 and Federal Rule of Civil Procedure 26(a)(3)(A)(iii), which requires that the exhibit list contain "an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises."

Plaintiff's counsel complains that defense counsel's late disclosure of requested documents on September 30, 2013 caused her to be delinquent with pretrial filings. (See Pl.'s 10/1/13 Mot. at 4.) Nevertheless, she never took available measures, such as filing motions to compel or exclude with the Court, to address any prejudice caused by the delay. Instead, she merely relied on her belief that the trial date would be continued, despite the Court's admonition on August 13, 2013 that it would not entertain additional requests for continuances. (See Barry Decl. ¶¶ 3-5.) Delay in Defendant's production of discovery is not an adequate explanation as to why

Plaintiff's counsel could not timely file a memorandum of contentions of fact and law, a proposed final pretrial conference order, proposed jury instructions, and a statement of the case.

Owing to this case's seniority over many other civil cases on the Court's docket, it receives priority. By her failure to fulfill the pretrial filing requirement on September 10, 2013 and again on September 30, 2013, Plaintiff's counsel has interfered with the Court's efforts to manage its trial calendars effectively.

Clearly, Plaintiff is not ready to go to trial, and given Plaintiff's record of delinquencies in filing, the Court is not confident that Plaintiff would be ready for trial even if another continuance is given. Permitting Plaintiff to go to trial in the current unprepared state will be wasteful of the court's resources and will not promote the public's interest in expeditious resolution.

Plaintiff's failure to file pretrial filings not only impeded a timely resolution of this case, but affected the Court's ability to manage its trial schedule. Thus, these two factors weigh in favor of dismissing Plaintiff's action.

**B. The Risk of Prejudice to Defendant**

To determine whether a defendant has been prejudiced, a Court examines whether the plaintiff's conduct impaired the defendant's "ability to go to trial or threaten[ed] to interfere with the rightful decision of the case." Malone, 833 F.2d at 131.

Here, Defendant has been prejudiced by Plaintiff's counsel's non-compliance with the Local Rules and the Court's Standing Order. On account of Plaintiff's counsel's failure to submit pretrial filings timely, Defendant could not adequately prepare for trial. Without a proposed pretrial conference order, Defendant could not have known what theories Plaintiff was going to assert to succeed on her claims and what evidence she intended to adduce at trial.

Defendant was further prejudiced because Plaintiff's counsel's non-compliance with the Court's deadlines forced Defendant to file its three motions in limine untimely, without the benefit of examining Plaintiff's witness and exhibit lists and without any idea as to what evidence Plaintiff would seek to introduce at trial. (See Hanes Decl. ¶ 7.) Defendant was thus prejudiced when the Court denied the three motions for untimeliness.

More critically, Plaintiff had Defendant's pretrial filings, disclosing the exhibits, witnesses, and defenses three weeks before trial. This asymmetrical disclosure is exactly what the rules are designed to prevent. Cf. First Nat'l Bank of Circle, 652 F.2d at 886.

Thus, Defendant was prejudiced by Plaintiff's failure to comply with the deadlines imposed by the Court.

**C. Public Policy Favoring Resolution of Cases on Their Merits**

This factor weighs against the dismissal of Plaintiff's action because of the importance of cases involving a citizen's civil rights. Nevertheless, this factor may not weigh heavily in favor of Plaintiff here. By her own admission, Plaintiff's counsel hastily drafted the exhibit and witness lists on September 30, 2013 and remains unprepared for the trial and the pretrial conference. (See Pl.'s 10/1/13 Mot. at 6-7.)

Moreover, that this is a civil rights case should not be regarded as a general dispensation to disregard the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order, which apply in cases of all size and nature alike.

**D. Consideration of Lesser Sanctions**

This factor presents the closest question. Until September 30, 2013, the final deadline the Court extended to Plaintiff, the Court was not fully aware of Plaintiff's counsel's failure to comply with her professional obligations. That day, defense counsel filed a declaration, outlining the problems he faced in working with Plaintiff's counsel in meeting the Court's pretrial deadlines. (See Hanes Decl. ¶¶ 3-9.) That this failure to comply with her professional obligations in preparing a case for trial escaped the Court's contemporaneous notice does not diminish the seriousness of Plaintiff's counsel's conduct.

Plaintiff's counsel not only failed to submit the required pretrial filings in September 2013, but she also failed to meet the first deadline to submit the filings on June 24, 2013, though that failure was "saved" by Defendant's ex parte application for and the Court's grant of a continuance. Since that initial continuance, Plaintiff's counsel has had several opportunities to comply with the deadlines and has neglected to do so.

The Court is troubled by Plaintiff's counsel's explanations for failing to abide by the Court's deadlines concerning the filing of pretrial documents. In her declarations, she admits she merely relied on her

belief that the Court would grant yet another continuance of the trial date. Counsel also asserts that she was consumed with "demanding" cases (though she concedes she does "not have a heavy caseload"), but her actions indicate that she failed to give adequate attention to the deadlines for this case. (See generally Barry Decl.; Pl.'s 10/1/13 Mot.) For example, on September 16, 2013, Plaintiff's counsel represented to the Court that she would be in trial in state court on September 30, 2013, which was a factor in the Court's September 25, 2013 decision (despite previous admonitions to the parties that no further continuances would be granted) to continue the pretrial conference date from October 1, 2013 to October 7, 2013. (See Pl.'s Supplement to Stipulation to Continue (Doc. No. 36) ¶ 6.) She, however, did not reveal that on September 18, 2013, her state court trial was continued to November 12, 2013, until she submitted a declaration to this Court on September 30, 2013, indicating, inter alia, that she was finally drafting an exhibit list for this case in the afternoon that day. (Barry Decl. ¶¶ 3, 12-13.) The Court is concerned not only with counsel's failure to notify the Court of changes to her state court trial date, but more importantly her failure to give sufficient care to the prosecution of this case. The explanations Plaintiff's counsel have submitted for the delay in filing pretrial documents are specious, at best.

Plaintiff's counsel also suggests that delay in Defendant's disclosure of certain documents was the reason for her failure to submit all pretrial filings. (See generally Barry Decl.; Pl.'s 10/1/13 Mot.) As discussed above, this is also an inadequate explanation for her failure to comply with the Court's orders and deadlines, though the Court recognizes that Defendant's failure to produce required documents, if true, may require a judicial remedy. That Plaintiff faced problems in discovery does not justify ignoring a series of deadlines set by the Court or relying on an unfounded personal belief that continuances would be granted.

Moreover, as discussed above, Defendant's counsel made several attempts to coordinate the preparation of the pretrial documents and served the defense's pretrial documents on June 24, 2013 and on September 10, 2013. Defendant's counsel repeatedly inquired with Plaintiff's counsel regarding drafts of a proposed final pretrial conference order and proposed jury instructions. (See Hanes Decl. ¶¶ 4-5, 9.) These actions should have alerted Plaintiff's counsel of the impending and overdue deadlines.

When Plaintiff finally filed some – but not all – of her pretrial documents on September 30, 2013, just under three weeks late, Plaintiff's counsel included no

acceptable explanation for her delay in filing documents.

The only lesser sanction the Court could impose here is monetary sanctions. It is doubtful, however, that monetary sanctions would be effective. If Plaintiff's counsel only faced a monetary sanction for failing to comply with the Court's orders, using a pure cost-benefit analysis, a monetary sanction would be ineffective unless it was large enough to offset the gain she would receive by focusing on other cases, a major reason she provides for the delay in submitting pretrial filings. The Court fears a monetary sanction would also be ineffective against what appears to be Plaintiff's counsel's willful substitution of the Court's orders with her own unfounded judgment.

Alternatively, the Court could require Plaintiff's counsel to pay the defense's attorney's fees, but such a penalty does not correlate to the prejudice suffered by Defendant, including the disadvantage of the non-simultaneous exchange of pretrial information. Furthermore, it does not address the prejudice caused to the Court's calendar and other litigants awaiting their own opportunity for trial.

While drastic, dismissal of this action is the most feasible sanction. The Supreme Court long ago held that

dismissal of a plaintiff's action for the failure of the attorney is not an unjust result. Plaintiff has freely chosen her attorney as her representative, and cannot now disclaim the failures of her agent. See Link v. Wabash R. Co., 370 U.S. 626, 633 (1962).

The Ninth Circuit has affirmed the dismissal of actions for failure to follow pretrial deadlines and orders. See Nascimento v. Dummer, 508 F.3d 905, 910 (9th Cir. 2007) (affirming a dismissal in response to plaintiff's attorney's failure to prepare for trial); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 832 (9th Cir. 1986) (affirming the district court's dismissal of the case after the pretrial conference was continued three times and Plaintiff's counsel failed to comply with the court's deadlines); Buss v. W. Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984) (affirming the district court's dismissal of an action for failure to draft the pretrial order properly); Transamerica Corp. v. Transamerica Bancgrowth Corp., 627 F.2d 963, 965-66 (1980) (affirming the district court's dismissal for failure to prepare the pretrial documents with opposing counsel); Kung v. FOM Inv. Corp., 563 F.3d 1316, 1318 (9th Cir. 1977) (per curiam) (affirming the district court's dismissal where the court continued the trial twice and "made it clear that dismissal would result if [plaintiff] was not ready for the pre-trial conference at

the end of the last continuance"). Consideration of lesser sanctions – as well as an examination of the Ninth Circuit authority on this question – also weighs in favor of dismissing Plaintiff's action.

**IV. CONCLUSION**

After balancing the five factors, the Court concludes that dismissal is appropriate. Accordingly, the Court ORDERS the case dismissed without prejudice.

Dated: October 4, 2013

Virginia A. Phillips

VIRGINIA A. PHILLIPS
United States District Judge