O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FRANCINE MCDERMOTT,<br><br>             Plaintiff,<br><br>     v.<br><br>PALO VERDE SCHOOL<br>DISTRICT,<br><br>             Defendant. | Case No. EDCV 12-01112-<br>VAP(OPx)<br><br>**ORDER DISMISSING PLAINTIFF'S<br>COMPLAINT WITHOUT PREJUDICE** |

## I. BACKGROUND

Plaintiff Francine McDermott ("Plaintiff") filed a Complaint on July 5, 2012 (Doc. No. 1), alleging violations of her civil rights under the Rehabilitation Act, the Americans With Disabilities Act, and California's Fair Employment and Housing Act. (Compl. ¶ 1.) On October 29, 2012, Defendant Palo Verde School District ("Defendant") filed an Answer (Doc. No. 7). On August 26, 2013, Plaintiff filed a First Amended

Complaint ("FAC") (Doc. No. 28), asserting the same violations alleged in the Complaint.  Defendant answered the FAC on September 12, 2013 (Doc. No. 34).

On February 4, 2013, the Court held a Scheduling Conference and issued a Scheduling Order (Doc. No. 12) after consulting with counsel, setting the case for jury trial on August 6, 2013, with a pretrial conference on July 15, 2013.  Pursuant to the Scheduling Order and Local Rule 16, the parties were required to submit pretrial filings, not later than twenty-one days before the pretrial conference, including memoranda of contentions of fact and law, witness lists, a joint exhibit list, and any motions in limine.  The parties were also required to submit a proposed final pretrial conference order, proposed jury instructions, and a joint statement of the case, not later than seven days before the pretrial conference.

On June 24, 2013, twenty-one days before the pretrial conference date, Defendant timely filed a memorandum of contentions of fact and law and a witness list (Doc. Nos. 20, 21), but a joint exhibit list was not filed. Plaintiff did not file any of the required pretrial documents.

On June 26, 2013, Defendant filed an ex parte application for continuance of trial and related dates. On June 28, 2013, the Court continued the discovery cut-off date to July 29, 2013, the pretrial conference date to August 26, 2013, and the trial date to September 10, 2013 (Doc. No. 23).

On August 13, 2013, after Plaintiff filed an ex parte application for continuance of the trial date to November 12, 2013, and Defendant stipulated to the requests, the Court again continued the deadlines, this time, to September 3, 2013 for discovery cut-off, to October 1, 2013 for the pretrial conference, and to October 8, 2013 for the trial. Nevertheless, the Court noted that "Plaintiff ha[d] not demonstrated good cause for a continuance of the trial date . . ." (Doc. No. 26). The Court then cautioned the parties that it would "not entertain any further requests for continuances."

Based on the pretrial conference date of October 1, 2013, the parties were required to submit pretrial filings by September 10, 2013. Defendant submitted its memorandum of contentions of fact and law, witness list, and exhibit list on September 10, 2013. (See Doc. Nos. 29-31). Plaintiff, however, failed to file any of the required pretrial documents. Two days after the deadline for the pretrial filings, on September 12, 2013, the

parties filed a joint stipulation to continue the trial
date to November 12, 2013 (Doc. No. 33).  On September
23, 2013, Defendant filed three motions in limine (Doc.
Nos. 41-43), thirteen days after they were due on
September 10, 2013.

     On September 25, 2013, the Court denied Defendant's
three motions in limine as untimely and denied the
parties' request to continue the trial date, but
continued the pretrial conference date to October 7,
2013, as counsel for both parties had represented they
would be in trial on September 30, 2013 (Doc. No. 48).

     Also on September 25, 2013, noting that Plaintiff had
not submitted any of the required pretrial filings due on
September 10, 2013, the Court ordered Plaintiff to show
cause as to why the case should not be dismissed for
failure to prosecute (Doc. No. 47).  In this Order, the
Court permitted Plaintiff to submit the required pretrial
filings not later than September 30, 2013 but warned that
the Court would dismiss the action if Plaintiff failed to
comply with the Order.

     In a filing dated September 25, 2013, the parties
renewed their request for continuance of the trial date
to November 12, 2013, asserting that discovery was not
complete and Defendant's counsel will be in another trial

4

1   on October 8, 2013 (Doc. No. 46).

2

3        On September 30, 2013, in response to the Court's

4   Order to Show Cause, Plaintiff filed a witness list and

5   an exhibit list (Doc. Nos. 55, 56), but failed to file a

6   memorandum of contentions of fact and law.  Nor did

7   Plaintiff file a proposed final pretrial conference

8   order, proposed jury instructions, or a statement of the

9   case.

10

11       In a declaration filed on September 30, 2013,

12  Defendant's counsel states that Plaintiff's counsel has

13  not provided Defendant with a draft of the final pretrial

14  conference order despite multiple requests, preventing

15  Defendant from timely submitting the order.  (Declaration

16  of Aaron C. Hanes (Doc. No. 52) ("Hanes Decl.") ¶¶ 4-5.)

17  Defendant's counsel also declares that he provided

18  proposed jury instructions to Plaintiff's counsel, but he

19  had not received Plaintiff's proposed jury instructions.

20  (Id. ¶ 9.)  Given the prejudice Defendant has suffered,

21  Defendant's counsel requests the Court dismiss the action

22  without prejudice or, in the alternative, to continue the

23  trial to permit Defendant to prepare competently the

24  remaining required pretrial filings.  (Id. at ¶¶ 10-11.)

25

26       In response to Defendant's counsel's declaration,

27  Plaintiff's counsel filed a declaration on September 30,

28

5

1   2013, asserting that she "did not prepare pretrial docs
2   because [she] believed that the pretrial conference and
3   trial would be continued to November 2013" as both
4   parties had requested between July and September.
5   (Declaration of Patricia J. Barry (Doc. No. 58) ("Barry
6   Decl.") ¶¶ 3-5.)  Plaintiff's counsel does not dispute
7   Defendant's counsel's assertions that she never provided
8   pretrial filings that require joint submission, despite
9   having been provided with Defendant's documents.
10  Instead, Plaintiff's counsel declares that Plaintiff was
11  prejudiced by Defendant's belated production of 819 pages
12  of documents on September 5, 2013 and 569 pages of new
13  documents on September 30, 2013.  (Id. ¶¶ 3-5.)  She
14  further cites the demands of her work in a different case
15  as contributing to the delay in submitting pretrial
16  filings.  (Id. ¶¶ 12-13.)

17

18      On October 1, 2013, Plaintiff filed another ex parte
19  application to continue the trial and pretrial conference
20  dates to "the second and fourth week in November 2013."
21  (Pl.'s October 1, 2013 Ex Parte Application (Doc. No. 61)
22  ("Pl.'s 10/1/13 Mot.") at 1.)  In an attached
23  declaration, Plaintiff's counsel reiterates that the 569
24  pages of new documents she received from Defendant on
25  September 30, 2013 prevents her from compiling a complete
26  exhibit list and from preparing for the trial.  (Id. at
27  6.)  Counsel, however, declares that she erred by
28

claiming in her September 30, 2013 declaration that she
received 819 pages of new documents on September 5, 2013,
as those documents had previously been produced to
Plaintiff in July 2013.  (Id. at 4.)

    On October 2, 2013, Plaintiff's counsel filed another
declaration, indicating that she seeks continuance of the
trial and pretrial conference dates also because she has
hearings in California state courts on October 7, 2013
and October 11, 2013 (Doc. No. 62).

    As of the date of this Order, Plaintiff has failed to
file the required pretrial filings, except for the
witness list and exhibit list, but requests continuance
of the trial and pretrial conference dates to November
2013, despite the Court's admonition that no further
continuances will be considered.  The Court thus finds it
appropriate to dismiss this case for failure to
prosecute.

## II. LEGAL STANDARD

    "District courts have inherent power to control their
dockets and may impose sanctions, including dismissal, in
the exercise of that discretion.  Because dismissal is a
harsh penalty, it should be imposed as a sanction only in
extreme circumstances." Oliva v. Sullivan, 958 F.2d 272,
273-74 (9th Cir. 1992) (citations omitted).

1     Federal Rule of Civil Procedure 41(b) states that a

2  Court may dismiss a case for a plaintiff's failure to

3  prosecute.[1]  Dismissal for failure to prosecute requires

4  the Court to consider the following five factors: (1) the

5  public's interest in expeditious resolution of

6  litigation; (2) the court's need to manage its docket;

7  (3) the risk of prejudice to the defendants; (4) the

8  public policy favoring the disposition of cases on their

9  merits; and (5) the availability of less drastic

10 sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th

11 Cir. 1986).  Factors one and two generally favor

12 dismissal, while factor four typically weighs against it.

13 See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.

14 1990).  The Wanderer court wrote that the "key" factors

15 are prejudice and the availability of lesser sanctions.

16 Id.

17

18     Moreover, Federal Rule of Civil Procedure 16(f)

19 permits a court to make such orders as are just when a

20 party is substantially unprepared to participate in a

21 pretrial conference.  A sanction authorized by Rule

22 16(f), by referring to Rule 37, is dismissal of the case.

23 Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.

24

25        [1]  While Rule 41(b) states that a court may do this
26 upon a motion by defendant, the Supreme Court has stated
   that the Court also may dismiss an action for failure to
27 prosecute without such a motion.  Link v. Wabash R. Co.,
   370 U.S. 626, 630 (1962).
28

1  1987); <u>Callip v. Harris Cnty. Child Welfare Dept.</u>, 757

2  F.2d 1513, 1518 (5th Cir. 1985).

3

4      The standards for dismissal of a case for failure to

5  follow a court order are essentially the same under both

6  Federal Rules of Civil Procedure 16(f) and 41(b).

7  <u>Malone</u>, 833 F.2d at 130.

8

9                    **III. DISCUSSION**

10 **A.   The Public's Interest in the Expeditious Resolution**

11      **of Litigation and the Court's Need to Manage Its**

12      **Docket**

13     When a court order is violated, the public's interest

14 in the expeditious resolution of litigation and the

15 Court's need to manage its docket clearly weigh in favor

16 of dismissal.  <u>Wanderer</u>, 910 F.2d at 656.  Nevertheless,

17 a brief discussion of these factors is required here.

18

19     Practice in federal court is governed by numerous

20 rules concerning how to proceed throughout a case.  Each

21 rule serves a function for the efficient use of the

22 justice system and its resources; these rules are

23 developed to ensure that our adversarial justice system

24 is fair.  <u>See</u> <u>United States v. First Nat'l Bank of</u>

25 <u>Circle</u>, 652 F.2d 882, 886 (9th Cir. 1981) ("Disregard of

26 [pretrial orders] would bring back the days of trial by

27

28

ambush and discourage timely preparation by the parties
for trial.")

One of the most important periods in the life of a
case is the time just prior to trial.  See id.  It is
during this time that the case is shaped: The parties
(1) designate the witnesses and exhibits they will rely
on, (2) craft jury instructions, voir dire, and the
pretrial conference order for the Court's approval, and
(3) bring motions in limine to exclude evidence.  To
ensure these tasks are completed in an efficient and
effective manner, the Federal Rules of Civil Procedure,
the Local Rules, and the Court's Standing Order set forth
explicit deadlines for the completion of each task.
Plaintiff has the ultimate responsibility to ensure that
these pretrial documents are filed and that the case is
ready for trial on the date set by the Court.

Here, Plaintiff's counsel failed to file and serve
all the required pretrial disclosures timely.  Plaintiff's
counsel filed none of the pretrial documents by the
initial deadline of June 24, 2013.  She again failed to
complete the filing requirement by the September 10, 2013
deadline.  Although Defendant's counsel repeatedly asked
Plaintiff's counsel to provide drafts of the final
pretrial conference order and jury instructions,

1   Plaintiff's counsel failed to do so.  (Hanes Decl. ¶¶ 4-
2   9.)  Even after the Court issued the Order to Show Cause
3   and provided her with yet another opportunity by
4   extending the deadline to September 30, 2013, Plaintiff's
5   counsel did not comply with the Court's Order fully.  The
6   exhibit list Plaintiff submitted on that date is a
7   threadbare catalog of documents (the majority identified
8   only as an exhibit to a deposition) that does not comply
9   with Local Rule 16-6.1 and Federal Rule of Civil
10  Procedure 26(a)(3)(A)(iii), which requires that the
11  exhibit list contain "an identification of each document
12  or other exhibit, including summaries of other evidence –
13  separately identifying those items the party expects to
14  offer and those it may offer if the need arises."
15
16      Plaintiff's counsel complains that defense counsel's
17  late disclosure of requested documents on September 30,
18  2013 caused her to be delinquent with pretrial filings.
19  (See Pl.'s 10/1/13 Mot. at 4.)  Nevertheless, she never
20  took available measures, such as filing motions to compel
21  or exclude with the Court, to address any prejudice
22  caused by the delay.  Instead, she merely relied on her
23  belief that the trial date would be continued, despite
24  the Court's admonition on August 13, 2013 that it would
25  not entertain additional requests for continuances.  (See
26  Barry Decl. ¶¶ 3-5.)  Delay in Defendant's production of
27  discovery is not an adequate explanation as to why
28

11

Plaintiff's counsel could not timely file a memorandum of contentions of fact and law, a proposed final pretrial conference order, proposed jury instructions, and a statement of the case.

Owing to this case's seniority over many other civil cases on the Court's docket, it receives priority.  By her failure to fulfill the pretrial filing requirement on September 10, 2013 and again on September 30, 2013, Plaintiff's counsel has interfered with the Court's efforts to manage its trial calendars effectively.

Clearly, Plaintiff is not ready to go to trial, and given Plaintiff's record of delinquencies in filing, the Court is not confident that Plaintiff would be ready for trial even if another continuance is given.  Permitting Plaintiff to go to trial in the current unprepared state will be wasteful of the court's resources and will not promote the public's interest in expeditious resolution.

Plaintiff's failure to file pretrial filings not only impeded a timely resolution of this case, but affected the Court's ability to manage its trial schedule.  Thus, these two factors weigh in favor of dismissing Plaintiff's action.

**B.   The Risk of Prejudice to Defendant**

To determine whether a defendant has been prejudiced, a Court examines whether the plaintiff's conduct impaired the defendant's "ability to go to trial or threaten[ed] to interfere with the rightful decision of the case." <u>Malone</u>, 833 F.2d at 131.

Here, Defendant has been prejudiced by Plaintiff's counsel's non-compliance with the Local Rules and the Court's Standing Order.  On account of Plaintiff's counsel's failure to submit pretrial filings timely, Defendant could not adequately prepare for trial. Without a proposed pretrial conference order, Defendant could not have known what theories Plaintiff was going to assert to succeed on her claims and what evidence she intended to adduce at trial.

Defendant was further prejudiced because Plaintiff's counsel's non-compliance with the Court's deadlines forced Defendant to file its three motions in limine untimely, without the benefit of examining Plaintiff's witness and exhibit lists and without any idea as to what evidence Plaintiff would seek to introduce at trial. (<u>See</u> Hanes Decl. ¶ 7.)  Defendant was thus prejudiced when the Court denied the three motions for untimeliness.

More critically, Plaintiff had Defendant's pretrial filings, disclosing the exhibits, witnesses, and defenses three weeks before trial.  This asymmetrical disclosure is exactly what the rules are designed to prevent.  Cf. First Nat'l Bank of Circle, 652 F.2d at 886.

Thus, Defendant was prejudiced by Plaintiff's failure to comply with the deadlines imposed by the Court.

**C.   Public Policy Favoring Resolution of Cases on Their Merits**

This factor weighs against the dismissal of Plaintiff's action because of the importance of cases involving a citizen's civil rights.  Nevertheless, this factor may not weigh heavily in favor of Plaintiff here. By her own admission, Plaintiff's counsel hastily drafted the exhibit and witness lists on September 30, 2013 and remains unprepared for the trial and the pretrial conference.  (See Pl.'s 10/1/13 Mot. at 6-7.)

Moreover, that this is a civil rights case should not be regarded as a general dispensation to disregard the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order, which apply in cases of all size and nature alike.

14

**D.   Consideration of Lesser Sanctions**

This factor presents the closest question.  Until
September 30, 2013, the final deadline the Court extended
to Plaintiff, the Court was not fully aware of
Plaintiff's counsel's failure to comply with her
professional obligations.  That day, defense counsel
filed a declaration, outlining the problems he faced in
working with Plaintiff's counsel in meeting the Court's
pretrial deadlines.  (See Hanes Decl. ¶¶ 3-9.)  That this
failure to comply with her professional obligations in
preparing a case for trial escaped the Court's
contemporaneous notice does not diminish the seriousness
of Plaintiff's counsel's conduct.

Plaintiff's counsel not only failed to submit the
required pretrial filings in September 2013, but she also
failed to meet the first deadline to submit the filings
on June 24, 2013, though that failure was "saved" by
Defendant's ex parte application for and the Court's
grant of a continuance.  Since that initial continuance,
Plaintiff's counsel has had several opportunities to
comply with the deadlines and has neglected to do so.

The Court is troubled by Plaintiff's counsel's
explanations for failing to abide by the Court's
deadlines concerning the filing of pretrial documents.
In her declarations, she admits she merely relied on her

belief that the Court would grant yet another continuance
of the trial date.  Counsel also asserts that she was
consumed with "demanding" cases (though she concedes she
does "not have a heavy caseload"), but her actions
indicate that she failed to give adequate attention to
the deadlines for this case.  (See generally Barry Decl.;
Pl.'s 10/1/13 Mot.)  For example, on September 16, 2013,
Plaintiff's counsel represented to the Court that she
would be in trial in state court on September 30, 2013,
which was a factor in the Court's September 25, 2013
decision (despite previous admonitions to the parties
that no further continuances would be granted) to
continue the pretrial conference date from October 1,
2013 to October 7, 2013.  (See Pl.'s Supplement to
Stipulation to Continue (Doc. No. 36) ¶ 6.)  She,
however, did not reveal that on September 18, 2013, her
state court trial was continued to November 12, 2013,
until she submitted a declaration to this Court on
September 30, 2013, indicating, inter alia, that she was
finally drafting an exhibit list for this case in the
afternoon that day.  (Barry Decl. ¶¶ 3, 12-13.)  The
Court is concerned not only with counsel's failure to
notify the Court of changes to her state court trial
date, but more importantly her failure to give sufficient
care to the prosecution of this case.  The explanations
Plaintiff's counsel have submitted for the delay in
filing pretrial documents are specious, at best.

Plaintiff's counsel also suggests that delay in Defendant's disclosure of certain documents was the reason for her failure to submit all pretrial filings. (<u>See generally</u> Barry Decl.; Pl.'s 10/1/13 Mot.)  As discussed above, this is also an inadequate explanation for her failure to comply with the Court's orders and deadlines, though the Court recognizes that Defendant's failure to produce required documents, if true, may require a judicial remedy.  That Plaintiff faced problems in discovery does not justify ignoring a series of deadlines set by the Court or relying on an unfounded personal belief that continuances would be granted.

Moreover, as discussed above, Defendant's counsel made several attempts to coordinate the preparation of the pretrial documents and served the defense's pretrial documents on June 24, 2013 and on September 10, 2013. Defendant's counsel repeatedly inquired with Plaintiff's counsel regarding drafts of a proposed final pretrial conference order and proposed jury instructions.  (<u>See</u> Hanes Decl. ¶¶ 4-5, 9.)  These actions should have alerted Plaintiff's counsel of the impending and overdue deadlines.

When Plaintiff finally filed some – but not all – of her pretrial documents on September 30, 2013, just under three weeks late, Plaintiff's counsel included no

acceptable explanation for her delay in filing documents.

The only lesser sanction the Court could impose here is monetary sanctions.  It is doubtful, however, that monetary sanctions would be effective.  If Plaintiff's counsel only faced a monetary sanction for failing to comply with the Court's orders, using a pure cost-benefit analysis, a monetary sanction would be ineffective unless it was large enough to offset the gain she would receive by focusing on other cases, a major reason she provides for the delay in submitting pretrial filings.  The Court fears a monetary sanction would also be ineffective against what appears to be Plaintiff's counsel's willful substitution of the Court's orders with her own unfounded judgment.

Alternatively, the Court could require Plaintiff's counsel to pay the defense's attorney's fees, but such a penalty does not correlate to the prejudice suffered by Defendant, including the disadvantage of the non-simultaneous exchange of pretrial information. Furthermore, it does not address the prejudice caused to the Court's calendar and other litigants awaiting their own opportunity for trial.

While drastic, dismissal of this action is the most feasible sanction.  The Supreme Court long ago held that

1  dismissal of a plaintiff's action for the failure of the
2  attorney is not an unjust result.   Plaintiff has freely
3  chosen her attorney as her representative, and cannot now
4  disclaim the failures of her agent.   See Link v. Wabash
5  R. Co., 370 U.S. 626, 633 (1962).

6

7      The Ninth Circuit has affirmed the dismissal of
8  actions for failure to follow pretrial deadlines and
9  orders.   See Nascimento v. Dummer, 508 F.3d 905, 910 (9th
10 Cir. 2007) (affirming a dismissal in response to
11 plaintiff's attorney's failure to prepare for trial);
12 Thompson v. Housing Auth. of L.A., 782 F.2d 829, 832 (9th
13 Cir. 1986) (affirming the district court's dismissal of
14 the case after the pretrial conference was continued
15 three times and Plaintiff's counsel failed to comply with
16 the court's deadlines); Buss v. W. Airlines, Inc., 738
17 F.2d 1053, 1054 (9th Cir. 1984) (affirming the district
18 court's dismissal of an action for failure to draft the
19 pretrial order properly); Transamerica Corp. v.
20 Transamerica Bancgrowth Corp., 627 F.2d 963, 965-66
21 (1980) (affirming the district court's dismissal for
22 failure to prepare the pretrial documents with opposing
23 counsel); Kung v. FOM Inv. Corp., 563 F.3d 1316, 1318
24 (9th Cir. 1977) (per curiam) (affirming the district
25 court's dismissal where the court continued the trial
26 twice and "made it clear that dismissal would result if
27 [plaintiff] was not ready for the pre-trial conference at
28

19

1   the end of the last continuance").  Consideration of
2   lesser sanctions – as well as an examination of the Ninth
3   Circuit authority on this question – also weighs in favor
4   of dismissing Plaintiff's action.
5
6                      **IV. CONCLUSION**
7       After balancing the five factors, the Court concludes
8   that dismissal is appropriate.  Accordingly, the Court
9   ORDERS the case dismissed without prejudice.
10
11
12
13
14  Dated:  October 4, 2013        _____
15                                  VIRGINIA A. PHILLIPS
                                    United States District Judge
16
17
18
19
20
21
22
23
24
25
26
27
28